## STRAUSS *et al. v.* MADDOX *et al.*

Where the code provides that a mortgage may be attested by "a notary public or justice of any court in this State," the word "justice" is used as being interchangeable with "judge," and under this provision a judge of the superior court of this State is authorized to attest mortgages.

Argued October 11, — Decided November 7, 1899.

Money rule. Before Judge Estes. Butts superior court. July 24, 1899.

*Frank Z. Curry, Marcus W. Beck,* and *J. M. Terrell,* for plaintiffs in error. *C. D. Maddox,* contra.

SIMMONS, C. J. The only question in this case is, whether a judge of the superior court of this State is authorized to attest a mortgage so as to admit it to record. Section 2724 of the Civil Code declares that a mortgage "must be executed in the presence of, and attested by or proved before, a notary public or justice of any court in this State, or a clerk of the superior court (and in case of real property by one other witness), and recorded." We think that the word "justice" in this section is broad enough to include the judge of any court in this State. Anderson, in his Law Dictionary, says that the word "justice" is used interchangeably with "judge." And in the Standard Dictionary a justice is defined as "a judicial officer; a judge."

A "justice" is "a person duly commissioned to hold courts or to try and decide controversies and administer justice;" and "this title is given to the judge of the common law courts in England and in the United States, and extends to judicial officers and magistrates of every grade." Webster's Int. Dict., "Justice." The words "justice of any court in this State" include others than justices of the peace, and included justices of the inferior court when that court was in existence. The codifiers evidently meant that the judge of any court in this State should have authority to attest a mortgage, and used the word "justice" as being interchangeable with judge, as does our present constitution. The constitution of this State declares that the Supreme Court shall consist of a "chief justice and five associate justices," yet, when the same instrument undertakes to fix the salaries of these officers, it terms them "judges of the Supreme Court." In the case of *Helms* v. *O'Bannon*, 26 *Ga.* 132, in construing a statute which authorized "any Governor, Chief Justice, Mayor, or other Justice of either of the United States" to attest a power of attorney, this court said: "The words '*other Justice of* either of the United States' are very broad. They include all others than the Chief Justice in either of the States; and, consequently, a justice of the peace."

We are strengthened in the construction we put upon this section of the code, by the uniform practice of the judges of the superior court in attesting mortgages. Our information and experience would indicate that judges of the superior court in this State have never hesitated to attest mortgages, but have uniformly believed that the code gave them authority to make such attestation. During my experience of eight years as judge of the superior court, I never refused to attest a mortgage presented to me for that purpose, and, so far as I am informed, other judges of the superior court did, and still do, likewise. This court is of opinion that the attestation of a mortgage by a judge of the superior court in this State is valid, and that the mortgage should be admitted to record thereon.

*Judgment affirmed. All the Justices concurring.*